# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DOUGLAS R. ADELSPERGER, as Trustee for the Consolidated Bankruptcy Estate of 5 Star Commercial, LLC, et al.,<br><br>Plaintiff,<br><br>v.<br><br>3D HOLOGRAPHICS MEDICAL IMAGING INC., 7 HEAVENS LLC dba ECOWASHER, ASSOCIATED COUNTRIES IN TECHNOLOGY INTERNATIONAL INCUBATOR, INC., ECO II ECOWASH, LLC, GREEN RESOURCE HOMES INC., H&H REAL ESTATE HOLDINGS, LLC, JULIUS TOTH, PEDAL WHEELCHAIR, LLC, ROBERT A. FORAKER, as Trustee of the Green Resource Homes Financial Trust for the Benefit of Julius Toth, and ROBERT A. FORAKER, individually,<br><br>Defendants. | CAUSE NO.: 3:16-CV-759-HAB<br>Bankruptcy No. 16-30078<br>Adversary Proceeding No. 16-03031 |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Withdraw the Reference [ECF No. 1], filed with the Bankruptcy Court on September 29, 2016, and docketed with this Court on November 7, 2016.[1] Defendants Julius Toth and Robert Foraker request that the Court withdraw the reference to the Bankruptcy Court and move Trustee Douglas R. Adelsperger's adversary complaint to this Court. Defendants argue that withdrawal of the reference is warranted because they have asserted their right to a jury trial with

---

[1] Although the Motion to Withdraw was docketed in this Court on November 7, 2016, the Complaint that initiated the adversary proceeding was not entered on the docket of this Court until May 20, 2019.

respect to the claims for relief raised in the adversary complaint. Additionally, they have not consented to the entry of a final judgment by the bankruptcy court.

Having reviewed Defendants' Motion and the Trustee's Objections, as well as Bankruptcy Judge Harry C. Dees, Jr.'s, Report and Recommendation regarding the same, the Court will grant the Motion.

**BACKGROUND**

Douglas R. Adelsperger, as Trustee of the substantively consolidated "5 Star bankruptcy estates" in Case No. 16-30078-hcd before the United States Bankruptcy Court for the Northern District of Indiana, filed a Complaint against Defendants, commencing an adversary proceeding. The Trustee alleges that between February 12, 2015, and July 13, 2015, based on misrepresentations by Foraker and Toth, the Debtors transferred over $2.2 million to various companies, without receiving reasonably equivalent value in exchange. The Trustee seeks to avoid and recover fraudulent transfers, and to avoid and recover an unauthorized post-petition fraudulent transfer. He also asserts claims against Defendants for common law fraud, false representations, deception, aiding and abetting fraud, breach of fiduciary duty, and unjust enrichment. The Trustee seeks a determination that any damages recovered are property of the 5 Star consolidated estates.

Defendants filed a Motion seeking to withdraw the reference of this adversary proceeding pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, and N.D. Ind. L.R. 200-1(b)(1). Defendants argue that they are entitled to a jury trial on the Trustee's claims and, because the bankruptcy court is not authorized to

2

conduct jury trials, the reference must be withdrawn. As a second ground for withdrawal, Defendants argue that the bankruptcy court does not have constitutional or statutory authority to adjudicate the Trustee's claims against them as non-creditor Defendants who have not filed a proof of claim in the bankruptcy case.

The Trustee filed a response to Defendants' Motion. Although implicitly conceding that good cause exists for the Court to eventually withdraw the reference of the adversary proceeding, the Trustee asserts that the Court should wait to withdraw the reference until the adversary proceeding is ready for trial. The Trustee notes that district courts routinely permit bankruptcy courts to retain jurisdiction of an adversary proceeding until the proceeding is ready for trial and that, in this case, it would be more efficient for the bankruptcy court to maintain jurisdiction of this adversary proceeding to supervise the case through discovery and any dispositive motions.

The Bankruptcy Judge prepared a Report and Recommendation pursuant to Northern District of Indiana Local Rule 200-1(b)(1)(C). The bankruptcy court recommends that this Court grant Defendants' Motion to Withdraw pursuant to 28 U.S.C. § 157(d) because Defendants are entitled to a jury trial and the United States Bankruptcy Court for the Northern District of Indiana is not authorized to conduct jury trials. Additionally, the adversary proceeding involves both core and non-core proceedings, so it would best preserve the rights of Defendants to treat the litigation as a non-core proceeding. As such, the most the Bankruptcy Court could do is "hear proceedings and submit proposed findings of fact and conclusions of law to the district court for de novo review and entry of judgment." (Report and Recommendation 6–7 (quoting *Exec. Benefits*

3

*Ins. Agency v. Arkison*, 573 U.S. 25, 36 (2014).) Under this scenario, the bankruptcy court does not agree that it would be judicially efficient to make recommendations, including for purposes of ruling on dispositive motions, only to have another court conduct de novo review.

**DISCUSSION**

District courts have original jurisdiction over all bankruptcy proceedings arising out of Title 11 of the United States Code, *see* 28 U.S.C. § 1334, but a district court may "provide that any or all cases under title 11 [of the United States Code] and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district," 28 U.S.C. § 157(a). Local Rule 200-1 of the United States District Court for the Northern District of Indiana addresses bankruptcy cases and proceedings. Through Local Rule 200-1(a)(1), this Court has exercised its authority to automatically refer bankruptcy matters to the bankruptcy judges, and this automatic referral includes "all cases under Title 11 of the United States Code, and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11." Local Rule 200-1 also identifies matters to be determined by bankruptcy judges, matters to be determined or tried by district judges, and procedures that apply to motions to withdraw cases and proceedings to the district court.

Bankruptcy courts have statutory authority to issue final orders and judgments in "core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a)." 28 U.S.C. § 157(b)(1). The statute contains a non-exhaustive list of "core

4

proceedings" in which the bankruptcy court may enter a final order or judgment. *Id.* § 157(b)(2). Orders to turn over property and proceedings to determine, avoid, or recover fraudulent conveyances are listed as core proceedings. *Id.* § 157(b)(E) &(H).

By contrast, when the bankruptcy court determines, under § 157(b)(3), that a claim is only "related to" the bankruptcy proceedings, the bankruptcy court may not enter final judgment but "shall submit proposed findings of fact and conclusions of law to the district court" for de novo review and final entry of final judgment. 28 U.S.C. § 157(c)(1). The proceedings in this latter category are known as "non-core" proceedings. Non-core proceedings are those only marginally related to the bankruptcy, which often are state law causes of action. *In re Conseco Finance Corp.*, 324 B.R. 50, 53–54 (N.D. Ill. 2005). As the United States Supreme Court summarized it:

> Put simply, if a matter is core, the statute empowers the bankruptcy judge to enter final judgment on the claim, subject to appellate review by the district court. If a matter is non-core, and the parties have not consented to final adjudication by the bankruptcy court, the bankruptcy judge must propose findings of fact and conclusions of law. Then, the district court must review the proceeding de novo and enter final judgment.

*Exec. Benefits Ins. Agency*, 134 S. Ct. at 2172.

A district judge "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown" for the removal. 28 U.S.C. § 157(d). Section 157(d) does not define "cause," but courts generally consider the following factors in determining whether cause exists: whether withdrawal would promote judicial economy or uniformity and efficiency in bankruptcy administration; whether it would reduce forum shopping; whether it would

5

cause delay and costs to the parties; whether a particular court has familiarity with the case; whether parties have demanded a jury trial; and whether a core or non-core proceeding is involved. *See Matter of Powelson*, 878 F.2d 976 n.9 (7th Cir. 1989); *Abrams v. DLA Piper (US) LLP*, No. 2:12-CV-19-TLS, 2012 WL 1714591, at *3 (N.D. Ind. May 15, 2012); *In re Comdisco Ventures, Inc.*, Nos. 04-C-2007, 04-C-2393, 01-24795, 2004 WL 1375353, at *2 (N.D. Ill. June 18, 2004); *U.S. (EPA) v. Envtl. Waste Control, Inc.*, 131 B.R. 410, 418 (N.D. Ind. 1991).

Defendants here request withdrawal on grounds that they are entitled to, and have demanded, a jury trial on the Trustee's claims. The right to a jury trial is sufficient cause to withdraw the reference to the bankruptcy court. *Matter of Grabill Corp.*, 967 F.2d 1152, 1158 (7th Cir. 1992); *Good v. Kvaerner U.S., Inc.*, No. 1:03-CV-476, 2003 WL 21755782, at *3 (S.D. Ind. July 25, 2003); *Consol. Indus. Corp. v. Welbilt Holding Co.*, 254 B.R. 237, 238 (N.D. Ind. 2000). Bankruptcy judges in this District are not permitted to conduct jury trials. N.D. Ind. L.R. 2001-1(c). The Trustee has asserted state law claims that are non-core proceedings, and to which a right to a jury trial has been asserted.

Additionally, because Defendants have not filed a proof of claim in the bankruptcy case, the Seventh Amendment right to jury trial applies even to the Trustee's action to recover fraudulent transfers from it. *Granfinanciera v. Nordberg*, 492 U.S. 33, 36 (1989) (holding that "a person who has not submitted a claim against a bankruptcy estate has a right to a jury trial when sued by the trustee in bankruptcy to recover an allegedly fraudulent monetary transfer . . . notwithstanding Congress' designation of fraudulent conveyance actions as 'core proceedings'"). This right exists because the nature of the

6

relief is legal, not equitable, 492 U.S. at 40–48, and because the fraudulent conveyance action is not a public right arising as part of the process of allowance and disallowance of claims, nor integral to the restructuring of debtor-creditor relations, *id.* at 52–59. Thus, Defendants are entitled to a jury trial on the Trustee's claims.

Because the bankruptcy court cannot conduct this trial, cause exists to withdraw the reference of the adversary proceeding. Despite the existence of cause for granting the withdrawal, the parties dispute whether the withdrawal should be immediate, or whether it should or can be deferred to allow the bankruptcy court to retain jurisdiction until the matter is ready for trial. The Trustee argues that having the bankruptcy court retain the case through discovery and consideration of any dispositive motions meets the intended goal, set forth in the Northern District of Indiana's Local Rules, that bankruptcy court's exercise "the broadest possible authority to administer cases properly within their jurisdiction," N.D. Ind. L. R. 200-1(a)(1), as well as Congress's "intent to let expert bankruptcy judges determine bankruptcy matters to the greatest extent possible." (ECF No. 1 at 23.)

For its part, the bankruptcy court's Recommendation is that the withdrawal be immediate. This is based, in part, on the bankruptcy court's position that it only has the recommendatory authority provided by 28 U.S.C. § 157(c)(1), which would be subject to de novo review by the district court. As the bankruptcy court puts it,

> [there is] no economy in two judicial officers reviewing the same matters. Such a procedure is not only inefficient, but it also opens the door to contradictory conclusions by different judges. Additionally, in terms of costs and delay to the parties, such a procedure would not be economical

7

because it would require the parties' participation in litigation in two courts when they could accomplish all before one court.

(ECF No. 1 at 36.) The bankruptcy court also supposes that the "district court is at least as familiar with the circumstances surrounding 5 Star" as is the bankruptcy court based on other civil cases involving 5 Star that are pending in federal court. (*Id.*)[2]

Having reviewed the record before it, the Court will exercise its discretion to withdraw the reference to the bankruptcy court over this adversary proceedings. Several factors inform the Court's decision.

The adversary proceeding involves both core and non-core matters. However, this Court agrees with the bankruptcy court that the circumstances of the claims are intertwined, and that it would be impractical to separate them. *Cf. In re K & R Exp. Sys., Inc.*, 382 B.R. 443, 448 (N.D. Ill. 2007) (noting that it would conserve the debtor's estate and promote judicial economy to withdraw reference to all the claims in an adversary proceeding rather than to split the action into two forums). Defendants—none of whom would have had a connection to the 5 Star bankruptcy proceedings absent the adversary proceeding—have invoked their right to a jury trial. The bankruptcy court would be limited in the matter in which it could manage the case with respect to dispositive motions. In fact, the Trustee has filed a Motion for Partial Summary Judgment [ECF No.

---

[2] Presumably, this argument was made with the understanding that the presider in the adversary proceeding would be same presider of civil litigation involving the Securities and Exchange Commission and two of the 5 Star entities and the principal of those entities. In fact, an Order [ECF No. 5] entered on May 10, 2017, directed transfer of this matter to Judge Joseph VanBokkelen because it was related to an earlier-filed case assigned to him: *Securities and Exchange Commission v. Miller et al.*, Case No. 3:15-CV-519-JVB-MGG. On May 14, 2019, this case was reassigned to the undersigned. None of the "related" SEC proceedings are before this Court. Accordingly, judicial familiarity is not a factor that weighs in favor of an immediate withdrawal.

6], directed at 4 counts of the 33-count Complaint. The four counts allege a non-core claim for breach of contract. The designated evidence in support of the Motion for Partial Summary Judgment was not obtained through discovery conducted in the adversary proceeding. Rather, the Trustee relies on testimony from depositions taken in a related case pending in federal district court. Accordingly, there does appear to be a need, and certainly not an efficiency, for the bankruptcy court to manage the discovery in this case. Further, the Court sees no efficiency in having the bankruptcy court issue a report and recommendation on the dispositive motion, only to have it subject to de novo review for any portion that draws an objection. Finally, withdrawing the reference will not impede administration of the 5 Star bankruptcy, which will continue parallel to this action.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Defendant's Motion to Withdraw Reference [ECF No. 1].

SO ORDERED on May 21, 2019.

                                        s/ *Holly A. Brady*
                                        JUDGE HOLLY A. BRADY
                                        UNITED STATES DISTRICT COURT